IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| STEFON JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:22-cv-02562-SHL-atc |
| v. | ) | Cr. No. 2:17-cr-20318-SHL-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**ORDER DENYING JONES'S § 2255 MOTION TO VACATE SENTENCE,
DENYING REQUEST TO APPOINT COUNSEL, AND DENYING
A CERTIFICATE OF APPEALABILITY**
_____

On August 26, 2022, Movant Stefon Jones filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate Sentence ("§ 2255 Motion"). (ECF No. 1.) The United States responded on December 23, 2022 (ECF No. 7 (sealed)), and Jones replied on January 30, 2023 (ECF No. 8). For the following reasons, the Court **DENIES** the § 2255 Motion, including his request for counsel at a re-sentencing.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

   **A.  Criminal Case Number 17-20318**

On December 12, 2017, a federal grand jury in the Western District of Tennessee returned a superseding indictment, charging Jones with eight counts arising out of a series of armed robberies committed in January 2017. (Cr. ECF No. 50.) Counts 1, 5, and 11 charged Jones with aiding and abetting robberies affecting commerce ("Hobbs Act Robbery"), in violation of 18 U.S.C. §§ 1951 and 2. (Cr. ECF No. 50 at PageID 86, 88, 91.) Count 3 charged him with aiding and abetting attempted Hobbs Act Robbery. (Id. at PageID 87.) Counts 2, 6, and 12 charged him

1

with aiding and abetting Hobbs Act Robberies while knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence,[1] in violation of 18 U.S.C. §§ 924(c) and 2. (Cr. ECF No. 50 at PageID 87, 89, 92.) Count 4 charged him with aiding and abetting attempted Hobbs Act Robbery while knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence,[2] in violation of 18 U.S.C. §§ 924(c) and 2. (Cr. ECF No. 50 at PageID 88.)

Pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Jones pled guilty to Counts 1, 2, 3, 4, 5, and 11 on May 30, 2018. (Cr. ECF No. 153 at ¶ 1.) As part of that agreement, Counts 6 and 12 were dismissed upon motion by the United States. (Cr. ECF No. 230 at PageID 699.) On October 5, 2018, pursuant to the binding plea agreement, the Court sentenced Jones to imprisonment for a term of 240 months, and entered judgment the same day. (Id. at PageID 701.)

**B. Jones's § 2255 Motion**

On August 26, 2022, Jones timely filed his pro se § 2255 Motion based on the new and retroactive Supreme Court holding in United States v. Taylor, 596 U.S. 845, 852 (2022). See 28 U.S.C. § 2255(f)(3). Jones's sole argument challenges his convictions under § 924(c) without distinguishing between Count 2, a § 924(c) conviction predicated on aiding and abetting a completed Hobbs Act Robbery, and Count 4, a § 924(c) conviction predicated on aiding and abetting attempted Hobbs Act Robbery. (ECF No. 1 at PageID 14–17.) Rather, he asserts that aiding and abetting Hobbs Act Robbery is not a "crime of violence" under § 924(c), "pursuant to

---

[1] These "crimes of violence" were the Hobbs Act Robberies charged in Counts 1, 5, and 11, respectively.

[2] This "crime of violence" was the attempted Hobbs Act Robbery charged in Count 3.

2

the new rule of Constitutional Law in Supreme Court case Taylor [sic.]." (Id. at PageID 14). However, the Court's holding in Taylor concluded that attempted Hobbs Act Robbery is not a "crime of violence" under § 924(c), not that all Hobbs Act Robberies are not crimes of violence. 596 U.S. 845, 852 (2022). Still, Jones requests that the Court "vacate[] the 924(c) convictions" and provide counsel at resentencing. (ECF No. 1 at PageID 16.)

Following two orders directing the United States to respond, the United States responded on December 23, 2022, arguing that Jones's claim is barred by procedural default. (ECF No. 7 at PageID 31–37 (sealed).) Jones replies that his argument would have been frivolous had he raised it at the time of his convictions, and he would have negotiated his plea deal differently had current law been in place at the time. (ECF No. 8 at PageID 41, 43.)

## II. ANALYSIS

As explained below, the Court concludes that (1) the § 2255 Motion is without merit as applied to Jones's Count 2 conviction, and (2) the challenge to the Count 4 conviction is barred by procedural default. Additionally, Jones is not entitled to the appointment of counsel, given that he is not entitled to be re-sentenced.

### A. Count 2: Jones's Argument for Expanding Taylor

The basis for Jones's challenge to Counts 2 and 4 is the new and retroactive holding in United States v. Taylor, in which the Supreme Court found that attempted Hobbs Act Robbery is not a "crime of violence" under 18 U.S.C. § 924(c). 596 U.S. 845, 852 (2022). Jones does not distinguish between Counts 2 and 4. Instead, stating that aiding and abetting "is similar in nature" to attempted Hobbs Act Robbery, Jones argues that Taylor should apply to a conviction for aiding and abetting a completed Hobbs Act Robbery. (ECF No. 1 at PageID 15.)

Jones's claim is without merit as to Count 2. The Court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"). Here, Jones's argument as to Count 2 is not supported by Taylor, which established that attempted Hobbs Act Robbery does not count as a "crime of violence" under § 924(c). 596 U.S. at 852. The Supreme Court's holding did not extend to § 924(c) convictions predicated on aiding and abetting Hobbs Act Robbery, the crime of violence relied on in Count 2.[3] Id. Therefore, Jones cannot state a claim for relief as to Count 2.

### B.  Count 4: Procedural Default

Unlike Count 2, Count 4 did involve an attempted Hobbs Act Robbery, the very crime to which Taylor applies. Indeed, the United States acknowledges that the Count 4 conviction "falls squarely under Taylor." (ECF No. 7 at PageID 30.) Nevertheless, Jones's challenge to Count 4 is barred by procedural default.

The United States argues that Jones's § 2255 Motion is barred by procedural default because Jones cannot show his "actual innocence" or "cause and actual prejudice" to excuse his procedural default. (ECF No. 7 at PageID 31–37 (sealed)). In response, Jones raises two arguments: first, that his claim would have been frivolous had he raised it before Taylor, and

---

[3] As the Government points out, Jones's argument that aiding and abetting Hobbs Act Robbery is not a "crime of violence" is equivalent to claiming that Hobbs Act Robbery itself is not a "crime of violence." (ECF No. 7 at PageID 28–29 (sealed).) "'Aiding and abetting is simply an alternative theory of liability indistinct from the substantive crime.'" (Id. at PageID 28 (quoting United States v. Richardson, 948 F.3d 733, 741–42 (6th Cir. 2020), cert. denied, 141 S. Ct. 344 (2020) (mem.)).)

4

second, that the First Step Act and the Taylor decision would have affected his plea negotiation strategy had they been in effect at the time.[4]  (ECF No. 8 at PageID 41, 43.)

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (citation modified).  Generally, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal," or the claims are barred by procedural default.  Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996).  However, there are two ways a defendant can overcome procedural default and state a claim.  First, claims otherwise barred by procedural default may be permitted when the defendant demonstrates his "actual innocence."  Bousley v. United States, 523 U.S. 614, 622–24 (1998).  Alternatively, the defendant may raise a claim he had previously failed to raise, but only if the defendant demonstrates "cause and prejudice" sufficient to excuse his failure to raise the issue previously.  El-Nobani v. United States, 287 F.3d 417, 420 (6th Cir. 2002).

Jones timely filed this § 2255 Motion within one year of Taylor, pursuant to 28 U.S.C. § 2255(f)(3).  However, before filing the Motion, Jones waived his right to challenge his convictions on direct appeal, and he did not file a challenge to his § 924(c) convictions, or any of his convictions, on direct appeal.  (Cr. ECF No. 153 at ¶ 8.)  See also Beasley v. United States,

---

[4] Jones also asks the Court to consider his age at the time of his convictions, his employment during his incarceration, the benefit of "hindsight," and the conditions at his facility. (ECF No. 8 at PageID 44–46.)  However, these arguments are irrelevant to the claim in his § 2255 Motion.  See 2255 Rules 4(b). Additionally, Jones asserts that the United States suggests "re-filing . . . dismissed counts." (ECF No. 8 at PageID 44.)  Nowhere does the United States propose "re-filing" Jones's dismissed charges in its response. (ECF No. 7 at PageID 25–39 (sealed).)  Instead, the Government's reference to the dismissed counts is relevant to the question of actual prejudice, as described herein.  (See id. at PageID 36–37.)

No. 24-5092, 2024 WL 5400265, at *2 (6th Cir. Aug. 16, 2024) (order).  Therefore, Jones's claim is procedurally defaulted.  This means that Jones can only state his claim under § 2255 through a showing of "actual innocence" or "cause and prejudice" excusing his failure to raise it at the proper time.  Bousley, 523 U.S. at 622–24.

First, Jones cannot overcome procedural default by demonstrating his "actual innocence."  To do so, he must show his "factual innocence," including to dismissed charges.  Bousley, 523 U.S. at 623–24 ("In cases where the Government has forgone more serious charges in the course of plea bargaining, [a] petitioner's showing of actual innocence must also extend to those charges.").  Accordingly, this Court has previously found that a defendant who failed to make a showing of "actual innocence" as to an equally serious dismissed charge was not entitled to relief.[5]  See Beasley v. United States, Cv. No. 2:19-cv-02212-SHL-atc, Cr. No. 2:15-cr-20083-01-SHL, 2023 WL 5962596, at *3–4 (W.D. Tenn. Sept. 13, 2023) (order).  Here, Jones does not contest the facts established in his plea agreement.  (ECF No. 1 at PageID 14–17.)  Further, nowhere does Jones suggest his "actual innocence" of the equally serious charges in Counts 6 and 12.  (Id.)  The United States and Jones both acknowledge that these charges were dismissed as part of the plea agreement.  (ECF No. 7 at PageID 36–37 (sealed); No. 8 at PageID 42.)  Therefore, Jones has not shown his "actual innocence."

Additionally, Jones cannot demonstrate cause for his failure to bring his Taylor challenge to his § 924(c) convictions.  "'[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'"  Bousley, 523 U.S. at 623

---

[5] This Court properly denied the § 2255 claim in Beasley, even though it challenged a conviction rendered unlawful under the retroactive, intervening Supreme Court precedent in United States v. Davis, 588 U.S. 445 (2019).  2023 WL 5962596, at *3–4.  See also Beasley, 2024 WL 5400265, at *2 (6th Cir. Aug. 16, 2024) (order) (denying a certificate of appealability on this issue).

6

(quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).  Therefore, "the Supreme Court . . . rejected the argument that adverse circuit precedent could excuse procedural default . . . ." Gatewood v. United States, 979 F.3d 391, 395–96 (6th Cir. 2020) (citing Bousley, 523 U.S. at 623).  Further, the novelty of the claim can only present cause if it "'is so novel that its legal basis is not reasonably available to counsel.'"  Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).

      Jones contends that he was unable to raise his challenge to his § 924(c) convictions previously because to do so before Taylor would have been frivolous.  (ECF No. 8 at PageID 41.)  But the Government observes that, at the time of Jones's conviction, there was extensive legal argument around whether attempted Hobbs Act Robbery should be classified as a "crime of violence."[6]  (ECF No. 7 at PageID 35–36 (sealed).)  Indeed, the Eleventh Circuit ruled on this issue mere days after Jones accepted his plea, albeit contrary to his position.  See United States v. St. Hubert, 909 F.3d 335, 351–52 (11th Cir. 2018), abrogated by Taylor, 596 U.S. at 852.  Challenges to § 924(c) convictions like Jones's Count 4 conviction were not frivolous in 2018.  Instead, they were available to counsel and resulted in the legal disagreement leading to the Supreme Court's decision in Taylor.  Therefore, Jones cannot establish cause for his procedural default.

      Because Jones has not shown cause for his procedural default, the Court need not reach the issue of "actual prejudice."  Bousley, 523 U.S. at 622–23.  However, even if he had cause for

---

[6] The United States does not cite Sixth Circuit authority on the pre-Taylor circuit split over attempted Hobbs Act Robbery.  (ECF No. 7 at PageID 36 (sealed).)  But even if the Sixth Circuit had established attempted Hobbs Act Robbery as a "crime of violence" before Taylor, this would be insufficient to provide cause for Jones's procedural default.  Gatewood, 979 F.3d at 395–96 (citing Bousley, 523 U.S. at 623).

his procedural default, Jones also has not shown "actual prejudice" resulting from his failure to challenge Count 4 previously. To satisfy this standard, a defendant must show not just errors creating a "possibility of prejudice, but that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Jones suggests that changes in the law, such as the decision in Taylor and the passage of the First Step Act in December 2018, would have modified his plea negotiating strategy.[7] (ECF No. 8 at PageID 43.) However, this does not rise to the high level of prejudice needed to "overcome society's justified interests in the finality of criminal judgments." Frady, 456 U.S. at 175. Even if the timing of these changes in law were prejudicial to Jones, it would have equally impacted the plea negotiating strategy of the Government, who may not have agreed to dismiss Counts 6 and 12, both § 924(c) counts premised on completed Hobbs Act Robberies. (ECF No. 7 at PageID 36–37 (sealed).) Thus, Jones cannot show actual prejudice.

Without "actual innocence" or "cause and prejudice," or "actual prejudice," Jones cannot overcome procedural default. Thus, his challenge to Count 4 is barred, and the § 2255 Motion is

---

[7] The First Step Act modified § 924(c)(1)(C) by striking out "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018, Pub. L. 115-391, Title IV, sec. 403(a), § 924(c), 132 Stat. 5194, 5221–22. Had this language been in effect, the Government could not have argued for consecutive 25-year sentences based on Jones's multiple § 924(c) convictions. (ECF No. 7 at PageID 33 n.2 (sealed).) However, if no agreement had been reached, the § 924(c) counts alone would carry a mandatory minimum of 21 years, and the sentence for the other counts would have to run consecutively.

In any event, the relevant change Jones points to only applies to defendants sentenced after December 21, 2018. First Step Act of 2018, § 403(a), 132 Stat. at 5221–22. As Jones was sentenced in October 2018, the revision in § 403(a) does not retroactively apply to him. See United States v. Richardson, 948 F.3d 733, 746–48 (6th Cir. 2020), cert. denied, 141 S. Ct. 344 (2020) (mem.).)

**DENIED**.  For the same reasons, the Court **DENIES** Jones's request for the appointment of counsel.

## III. APPELLATE ISSUES

The district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.  28 U.S.C. § 2253(c)(1)(B).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation modified).  Additionally, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Slack v. McDaniel, 529 U.S. 473, 484–85 (2000).

Here, the claims raised in the § 2255 Motion are either meritless or procedurally defaulted, and they do not require attention upon appeal.  The Court **DENIES** a COA.

## IV. CONCLUSION

The Court **DENIES** Jones's § 2255 Motion and his request to appoint counsel. Additionally, the Court **DENIES** a COA.

**IT IS SO ORDERED**, this 22nd day of July, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE